## AGREEMENT AND RELEASE BETWEEN
## NEW YORK CITY HEALTH AND HOSPITALS CORPORATION AND
## IVA WESTBROOKE

The New York City Health and Hospitals Corporation ("HHC") and Iva Westbrooke ("Westbrooke"), desiring to end their employment relationship on mutually agreeable terms, hereby agree as follows:

A.  Ms. Westbrooke:

1.  Releases and discharges HHC and the City of New York, their officers, employees and agents (the "Released Parties) from all legal, equitable, or administrative claims, known and unknown, that she may have against any of them, or have had against any of them, arising from any matter or thing done, committed, or suffered to be done on or before the date of this Agreement. Ms. Westbrooke agrees that this includes any claims arising from her employment. Ms. Westbrooke's release of claims specifically includes, without limitation, any claim she may have or have had under federal, state or local statutes, doctrines of common law, or ordinances relating to conduct or events occurring prior to the date on which this Agreement is fully executed and any claim arising under any agreements relating to her work for the HHC. Ms. Westbrooke does not waive her rights with respect to any vested benefits which have accrued.

2.  Represents that she will not file or cause to be filed any charge, claim or lawsuit against HHC or any other Released Party under paragraph A(1), and promises never to file or cause to be filed any such charge, claim or lawsuit, asserting any claims that are released in Paragraph A(1) or to seek or accept any relief for such claims. However, nothing in this Agreement is intended to release or waive rights to any claim or right which cannot be waived by law, including the right to file a charge with the EEOC or participate in an investigation conducted by an administrative agency (although Ms. Wesbrooke expressly waives her right to any monetary recovery any administrative agency may obtain on her behalf).

3.  Expressly acknowledges that this Agreement is intended to include in its effect, without limitation, even claims not known or suspected to exist at the time of execution hereof.

4.  Acknowledges that except as expressly stated herein, she will no longer work at HHC effective May 1, 2015 and that she will resign effective July 24, 2015 (the "resignation date").

5.  Warrants that she will return to HHC all of the files, memoranda, documents, records (including any copies of the foregoing), keys and any other HHC property she has in her possession or control forthwith. She further promises that she will surrender to HHC forthwith any such material she hereafter locates.

6.  HHC will not challenge Ms. Westbrooke's claims for unemployment and will not appeal the decision to grant Ms. Westbrooke's unemployment benefits.

B. In consideration of the foregoing, HHC agrees as follows:

1. On behalf of its agents, officers, servants and employees and the Released Parties, to fully, finally and forever release and discharge Ms. Westbrooke of and from all claims, demands, actions, causes of action, suits, damages, losses and expenses, of any and every nature, as a result of actions or omissions occurring through this date in connection with her employment and separation from HHC. The release in this paragraph does not include claims for embezzlement, theft, fraud, or other criminal activity, but includes all other claims.

2. HHC agrees to continue to pay Ms. Westbrooke at her current salary until the resignation date by retaining her on payroll. During this period of time, she will continue to accrue annual and sick leave.

3. Any leave balances to which Ms. Westbrooke may be entitled upon resignation will be paid consistent with HHC Operating Procedures.

C. Both Ms. Westbrooke and HHC agree that this Agreement shall not constitute or operate as an acknowledgment or admission of any kind by HHC that it has violated any federal, state, local or municipal statute, regulation, or common law, or breached any other legal obligation or duty it has ever had to Ms. Westbrooke as described in Paragraph A(1) and Paragraph A(2) above.

D. Ms. Westbrooke has been advised by HHC to consult with an attorney of her own choosing and at her own expense prior to signing this Agreement and Release.

E. Ms. Westbrooke has twenty-one (21) days within which to consider this Agreement and Release. She need not use the entire 21 day period, however.

F. For a period of seven (7) days following the execution of the Agreement and Release, Ms. Westbrooke may revoke it. To revoke this Agreement, Ms. Westbrooke must deliver her revocation in writing to Barbara Keller, Deputy Counsel, New York City Health and Hospitals Corporation, 125 Worth Street, room 527, New York, New York 10013. To be effective, this revocation must actually be received by Ms. Keller within this 7 day period. If Ms. Westbrooke does revoke during the period, this Agreement shall neither be effective not enforceable, notwithstanding execution. After that period has expired without revocation, the Agreement and Release shall become fully effective and enforceable.

G. Ms. Westbrooke acknowledges that included in the benefits listed under paragraph B above are benefits to which he would not otherwise be entitled under any understanding, agreement or benefit plan to which he may be a party, participant, or beneficiary.

H. The parties agree that all requests for an employment reference from potential employers of Ms. Westbrooke will be directed to the Human Resources office of Bellevue Hospital Center and that this office will confirm only Ms. Westbrooke's title, dates of employment, and salary, and that she left his position voluntarily.

I. Both Ms. Westbrooke and HHC agree that this Agreement shall not constitute or operate as an acknowledgment or admission of any kind by HHC that it has violated any federal, state, local or municipal statute, regulation, or common law, or breached any other legal obligation or duty it has ever had to Ms. Westbrooke.

J. The parties acknowledge that the provisions of this Agreement are severable, and if any part of it is found to be unenforceable, the remainder will remain fully valid and enforceable. A finding that any portion of this Agreement is unenforceable will not effect the validity of Ms. Westbrooke's release in Paragraph A(1).

K. The parties acknowledge that this Agreement contains the entire and only written agreement between HHC and Ms. Westbrooke. Both parties waive any oral or written representations, promises, or assurances which are not contained in this Agreement.

L. Nothing set forth above prevents either HHC or Ms. Westbrooke from instituting legal action to enforce any of the terms, conditions, or other provisions contained herein or for any breach thereof..

M. We, the undersigned, have read the foregoing and agree to be bound by it.

_[signature]_
Iva Westbrooke

Subscribed and sworn before me this
__ day of May, 2015
June
_[signature]_
Notary Public

STEVEN BOGUSLAVSKY
NOTARY PUBLIC, STATE OF NEW YORK
No.01BO6260692
Qualified in New York County
My Commission Expires April 30, 2016

NEW YORK CITY HEALTH AND
HOSPITALS CORPORATION

_[signature]_
By/ Steven R. Alexander

Subscribed and sworn before me this
23rd day of May, 2015
JUNE
_[signature]_
Notary Public

DEBORAH A. BATTS
Notary Public - State of New York
NO. 01BA5056118
Qualified in New York County
My Commission Expires Feb 26, 20_18_