16 Civ. 9845 (RA)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IVA WESTBROOKE,

                                                                Plaintiff,

                         -against-

BELLVUE   HOSPITAL   CENTER,   NYC   HEALTH
AND HOSPITAL CORP., CITY OF NEW YORK

                                                                Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE COMPLAINT

### *ZACHARY W. CARTER*
*Corporation Counsel of the City of New York*

*Attorney for Defendants*
*100 Church Street, Rm. 2-109(b)*
*New York, New York  10007*

*Of Counsel: Amanda M. Blair*
*Tel:  (212) 356-8767*
*Matter No.:  2017-002988*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................................................. ii

TABLE OF CONTENTS ................................................................................................... 1

PRELIMINARY STATEMENT ....................................................................................... 1

STATEMENT OF FACTS ................................................................................................ 2

ARGUMENT...................................................................................................................... 4

      POINT I ............................................................................................................... 4

            PLAINTIFF'S CLAIMS ARE BARRED BY WAIVER ................................. 4

      POINT II .............................................................................................................. 7

            PLAINTIFF'S FEDERAL CLAIMS ARE BARRED TO THE EXTENT THEY ARE BASED ON EVENTS PRIOR TO APRIL 18, 2015; PLAINTIFF'S STATE LAW CLAIMS ARE BARRED TO THE EXTENT BASED ON EVENTS PRIOR TO DECEMBER 20, 2013 ............................................. 7

      POINT III............................................................................................................. 8

            THE COMPLAINT FAILS TO STATE A CLAIM.................................. 8

            A.    Plaintiff Does Not State a Claim of Discrimination ......................... 9

            B.    Plaintiff Has Not Stated a Claim of Retaliation............................... 10

CONCLUSION................................................................................................................ 14

## TABLE OF AUTHORITIES

**Cases**

Abramovich v. Board of Education,
   46 N.Y.2d 450, 386 N.E.2d 1077, 414 N.Y.S.2d 109, cert. denied, 444 U.S.
   845 (1979)..................................................................................................................5

Alejandro v. N.Y.C. Dep't of Educ.,
   No. 15-3346, 2017 U.S. Dist. LEXIS 49555 (S.D.N.Y. Mar. 31, 2017)................................10

Almontaser v. N.Y.C. Dep't of Educ.,
   13-5621, 2014 U.S. Dist. LEXIS 92760 (E.D.N.Y. July 8, 2014) ............................................7

Ashcroft v. Iqbal,
   556 U.S. 662 (2009)....................................................................................................8, 9

Bell Atl. Corp v. Twombly,
   550 U.S. 544 (2007).........................................................................................................8

Borman v. AT&T Communications, Inc.,
   875 F.2d 399 (2d Cir. 1989) ............................................................................................4

Bumpus v. N.Y. City Transit Auth.,
   66 A.D.3d 26 (2d Dep't 2009)..........................................................................................8

Cetina v. Longworth,
   583 F. App'x. 1 (2d Cir. 2014) ........................................................................................7

Chambers v. Time Warner, Inc.,
   282 F.3d 147 (2d Cir. 2002) ...........................................................................................2

Cifra v. Gen. Elec. Co.,
   252 F.3d 205 (2d Cir. 2001) .........................................................................................10

Clark County Sch. Dist. v. Breeden,
   532 U.S. 268 (2001).......................................................................................................11

Cowan v. City of Mount Vernon,
   No. 14-8871, 2017 U.S. Dist. LEXIS 45812 (S.D.N.Y. Mar. 28, 2017)................................12

Fagan v. NYS OTDA,
   2016 U.S. Dist. LEXIS 23938 (E.D.N.Y. Feb. 26 2016) ..........................................................9

Gallagher v. City of New York,
   35 A.D.3d 858 (2d Dep't 2006)........................................................................................5

Hawana v. City of N.Y.,
   230 F.Supp.2d 518 (S.D.N.Y. 2002) ..............................................................................11

Lakonia Management Ltd. v. Meriwether,
   106 F. Supp. 2d 540 (S.D.N.Y. 2000) ..................................................................2

Laramee v. Jewish Guild for the Blind,
   72 F. Supp. 2d 357 (S.D.N.Y. 1999) ..................................................................4

Littlejohn v. City of New York,
   2015 U.S. App. LEXIS 13475 (2d Cir. 2015) ....................................................9

Mawn v. County of Suffolk,
   17 A.D.3d 467 (2d Dep't 2005)..........................................................................5

McDonnell Douglas Corp. v. Green,
   411 U.S. 792 (1973)...........................................................................................9

McMenemy v. City of Rochester,
   241 F. 3d 279 (2d Cir. 2001) ...........................................................................10

Murphy v. American Home Prod. Corp.,
   58 N.Y.2d 293 (1983).........................................................................................8

National R.R. Passenger Corp. v. Morgan,
   536 U.S. 101 (2002)...........................................................................................7

Nicholas v. NYNEX, Inc.,
   929 F. Supp. 727 (S.D.N.Y. 1996) ...................................................................4

Pampillonia v. RJR Nabisco. Inc.,
   138 F.3d 459 (2d Cir. 1998) ..............................................................................4

Reed v. A.W. Lawrence & Co.,
   95 F.3d 1170 (2d Cir. 1996) ............................................................................11

Reid v. Time Warner Cable,
   2016 U.S. Dist. LEXIS 21783 (E.D.N.Y. Feb. 22, 2016) ...............................10

Riddle v. Citigroup,
   449 F. App'x 66 (2d Cir. 2011) .........................................................................7

Ruiz v. County of Rockland,
   609 F.3d 486 (2d Cir. 2010) ..............................................................................9

Skluth v. United Merchants & Mfrs., Inc.,
   163 A.D.2d 104, 559 N.Y.S.2d 280 (1st Dep't 1990)........................................5

Tewksbury v. Ottaway Newspapers,
   192 F.3d 322 (2d Cir. 1999) ..............................................................................7

Univ. of Tex. Sw. Med. Ctr. v. Nassar, U.S.,
    133 S. Ct. 2517 (2013)..................................................................................................10

Wilson v. Jackson,
    161 A.D.2d 652 (2d Dept. 1990) ...................................................................................5

**Statutes**

29 U.S.C. § 626(d)(1)(B)...................................................................................................7

42 U.S.C. § 1983...............................................................................................................5

42 U.S.C. § 2000e-5(e)(1) ...............................................................................................7

42 U.S.C § 12117(a) .........................................................................................................7

CPLR § 214(2)...................................................................................................................8

Fed. R. Civ. P. § 12(b)(6) ...............................................................................................8

N.Y.C. Admin. Code § 8-502(d) ....................................................................................8

New York City Human Rights Law ...............................................................................3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

IVA WESTBROOKE,

                                        Plaintiff,

                                                                16 Civ. 9845 (RA)
                    -against-

BELLEVUE HOSPITAL CENTER, NYC HEALTH
AND HOSPITALS CORP., CITY OF NEW YORK

                                        Defendants.
------------------------------------------------------------------------ x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

### PRELIMINARY STATEMENT

Plaintiff, *pro se,* Iva Westbrook, formerly employed by New York City Health and Hospitals Corporation ("H+H"), commenced this action under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the New York State Human Rights Law ("SHRL"), and New York City Human Rights Law ("CHRL").  Plaintiff claims that she is a victim of race, national origin, gender, age and disability discrimination, as well as retaliation. As set forth in the Complaint, Plaintiff is an African-American woman who allegedly walks with a cane, and was the Director of Respiratory Care at Bellevue Hospital Center from July 2013 until May 1, 2015, when she was terminated after receiving "bad employment evaluations."

Defendants move to dismiss the Complaint in its entirety on the grounds that: (1) plaintiff voluntarily waived her right to bring the instant claims pursuant to a severance agreement and general release, dated June 8, 2015, (2) the Complaint is time-barred, and (3) the Complaint otherwise fails to state a claim upon which relief may be granted.

Plaintiff was terminated on May 1, 2015, effective immediately.  On June 8, 2015,

Plaintiff signed a settlement agreement with H+H whereby Plaintiff would be permitted to remain on H+H payroll from May 1, 2015 through July 24, 2015 (12 weeks), would receive a neutral reference letter and would be able to continue to accrue time toward her pension. Pursuant to the Release, Plaintiff voluntarily resigned from H+H and waived all rights to litigate anything concerning her H+H employment. Additionally, Plaintiff was provided a period of 21 days to decide whether to sign the agreement, and was offered a 7 day window after executing the Release, under which she was permitted to withdraw from the agreement. Plaintiff chose to not utilize these options, and instead allowed the agreement to become fully executed. Accordingly, the Complaint must be dismissed in its entirety.

## STATEMENT OF FACTS [1]

Plaintiff began working at Bellevue Hospital in June 2011. Complaint ("Compl.") at ¶ 1, Exhibit "A." In July 2013, Plaintiff was promoted to director of respiratory care. Id. at ¶ 2. On May 1, 2015, Plaintiff was terminated, effective immediately. See Termination Letter, Exhibit "B." On June 8, 2015, Plaintiff executed an Agreement and Release Between New York City Health and Hospitals Corporation and Iva Westbrooke ("The Release"). See The Release, Exhibit "C." Pursuant to The Release, Plaintiff voluntarily resigned from H+H service and

---

[1] This statement of facts is derived from the allegations in the Complaint, and plaintiff's factual allegations are assumed to be true for the purposes of this motion to dismiss only. Defendants also rely on the exhibits annexed to the Declaration of Amanda M. Blair, dated September 11, 2017 ("Blair Decl."). This Court may consider the documents annexed to this motion as exhibits in reviewing this motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002) (court resolving motion to dismiss may consider: (1) documents that plaintiff attached to the pleadings; (2) documents to which plaintiff referred in the complaint; (3) matters of which judicial notice may be taken; (4) documents in plaintiff's possession; and (5) documents of which plaintiff had knowledge and upon which plaintiff relied in bringing the action); Lakonia Management Ltd. v. Meriwether, 106 F. Supp. 2d 540, 543 (S.D.N.Y. 2000) (the Court also properly may consider any document attached to the complaint as an exhibit or incorporated in the complaint by reference, as well as matters of public record of which the Court may take judicial notice).

waived all rights to litigate any claims concerning her H+H employment accruing prior to the date of the Release. See id. In exchange, H+H withdrew the termination and allowed Plaintiff to resign, Plaintiff earned salary for an additional twelve weeks, and H+H agreed to provide Plaintiff with a neutral reference letter. Id at ¶ B (1-3). The terms of the Release provide in relevant part:

> [Plaintiff] releases and discharges HHC and the City of New York, their officers, employees and agents (the "Released Parties) from all legal, equitable, or administrative claims, known and unknown, that she may have against any of them, or have had against any of them, arising from any matter or thing done, committed, or suffered to be done on or before the date of this agreement. [Plaintiff] agrees that this includes any claims arising from her employment. [Plaintiff's] release of claims specifically includes, without limitation, any claim she may have or have had under federal, state or local statutes, doctrines of common law, or ordinances relating to conduct or events occurring prior to the date on which this Agreement is fully executed and any claim arising under any agreements relating to her work for HHC.
>
> [Plaintiff] represents that she will not file or cause to be filed any charge, claim or lawsuit against HHC or any other Released Party under paragraph A(1), and promises never to file or cause to be filed any such charge, claim or lawsuit, asserting any claims that are released in Paragraph A(1) or to seek or accept any relief for such claims.

See The Release ¶¶ A (1-2).

On December 20, 2016, Plaintiff commenced this action. See Complaint, Ex. "A." Plaintiff alleged that she was subject to derogatory comments from her superiors, that co-workers expressed surprise that she was the director of respiratory care because of her race, that she was retaliated against after she filed an internal EEO complaint expressing discontent with a hiring decision involving a white candidate and African-American candidate for employment, and finally, that she was terminated due to her race, national origin, gender, age, disability, and EEO

complaints. See Compl., Ex. "A."  Defendant now moves to dismiss the Complaint.

## ARGUMENT
### POINT I
### PLAINTIFF'S CLAIMS ARE BARRED BY WAIVER

An employee may release her employer from federal or state discrimination claims if the waiver of rights is knowing and voluntary.  See Laramee v. Jewish Guild for the Blind, 72 F. Supp. 2d 357, 359 (S.D.N.Y. 1999) (release of federal claims is valid if under the totality of the circumstances plaintiff's waiver was "knowing and voluntary").  In analyzing whether a waiver was knowingly and voluntarily entered into, courts consider the following factors:

> 1) The plaintiff's education and business experience; 2) the amount of time the plaintiff had possession of or access to the agreement before signing it; 3) the role of plaintiff in deciding the terms of the agreement; 4) the clarity of the agreement; 5) whether the plaintiff was represented by or consulted with an attorney, and 6) whether the consideration given in exchange for the waiver exceeds employee benefits to which the employee was already entitled by contract or law.

Borman v. AT&T Communications, Inc., 875 F.2d 399, 403 (2d Cir. 1989) (internal quotation marks and citation omitted).  Courts also consider "whether an employer encourages or discourages an employee to consult an attorney…, and whether the employee had a fair opportunity to do so." Id. (citation omitted). "These factors are neither exhaustive nor must all of the factors be satisfied before a release is enforceable." Laramee, 72 F. Supp. 2d at 360 (citing Nicholas v. NYNEX, Inc., 929 F. Supp. 727, 730 (S.D.N.Y. 1996)).

Similarly, under New York law, "a release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced," Pampillonia v. RJR

4

Nabisco. Inc., 138 F.3d 459, 463 (2d Cir. 1998) (citing Skluth v. United Merchants & Mfrs., Inc., 163 A.D.2d 104, 559 N.Y.S.2d 280, 282 (1st Dep't 1990). Moreover, courts favor the enforcement of such waivers or releases. See, e.g., Abramovich v. Board of Education, 46 N.Y.2d 450, 386 N.E.2d 1077, 414 N.Y.S.2d 109, cert. denied, 444 U.S. 845 (1979) (permitting waiver of tenure rights); Gallagher v. City of New York, 35 A.D.3d 858, 859 (2d Dep't 2006) (where parties' stipulation of settlement concerning prior disciplinary charges provided, inter alia, that the petitioner, in exchange for having the charges against him dropped, would be subject to random drug testing and termination without a hearing in the event of a finding of drug use, petitioner knowingly waived his right to a name-clearing hearing under the Due Process Clause); Mawn v. County of Suffolk, 17 A.D.3d 467, 468 (2d Dep't 2005) (petitioner entered into a disciplinary stipulation waiving his right to pursue the protections available to him under the collective bargaining agreement; determination to terminate his employment became final and binding on the effective date of the termination). Further, that waiver can extend to constitutional rights and to rights to statutory processes before termination. Wilson v. Jackson, 161 A.D.2d 652, 653 (2d Dept. 1990) (collecting cases).

> [p]rovided the waiver is freely, knowingly, and openly arrived at, without taint of coercion or duress, a party may, by stipulation, waive [her] right to the procedural due process to which [she] is otherwise entitled under New York State Civil Service Law…and any cause of action pursuant to 42 U.S.C. § 1983.

Id.

Here, the terms of the Release are clear. Plaintiff waived her right to initiate any "legal, equitable or administrative," claims pertaining to her employment. The waiver provision provides in relevant part:

> [Plaintiff] releases and discharges HHC and the City of New York, their officers, employees and agents (the "Released Parties) from all legal, equitable, or administrative claims, known and unknown, that she may have against any of them, or have had against any of them, arising from any matter or thing done, committed, or suffered to be done on or before the date of this agreement. [Plaintiff] agrees that this includes any claims arising from her employment. [Plaintiff's] release of claims specifically includes, without limitation, any claim she may have or have had under federal, state or local statutes, doctrines of common law, or ordinances relating to conduct or events occurring prior to the date on which this Agreement is fully executed and any claim arising under any agreements relating to her work for HHC.

See Release, ¶ 1. This release was signed by Plaintiff after she had been provided twenty one days to review the agreement and with the suggestion that she obtain counsel to review the agreement. Id at ¶ 6(D), (E). Additionally, after executing the agreement, Plaintiff was provided with a seven day period within which she had the right to revoke the agreement. Id at ¶ 6 (F).

H+H completely performed its obligations under the terms of the Release; in particular, Plaintiff was permitted to resign, was provided 12 weeks of severance pay, and agreed to provide Plaintiff a neutral reference letter upon request. From H+H's perspective, the Release was fully executed. At no point did Plaintiff seek to rescind or annul the settlement agreement. The waiver Plaintiff provided must be enforced and the Complaint, as the result, should be dismissed with prejudice.

Plaintiff made a strategic decision, to resign and thus, avoid termination. Plaintiff knowingly and voluntarily made this decision, which was strictly within her discretion. In addition, as part of the bargain, Plaintiff's employment was extended 12 weeks. In return, Plaintiff tendered her irrevocable resignation and waived her rights to initiate any related legal proceedings. Plaintiff knowingly and voluntarily waived her right to bring any proceeding or

action relating to the Release or her resignation.  The instant action is in direct violation of the

Release and, therefore, must be dismissed.

**POINT II**

**PLAINTIFF'S FEDERAL CLAIMS ARE BARRED TO THE EXTENT THEY ARE BASED ON EVENTS PRIOR TO APRIL 18, 2015; PLAINTIFF'S STATE LAW CLAIMS ARE BARRED TO THE EXTENT BASED ON EVENTS PRIOR TO DECEMBER 20, 2013**

"In New York, claims under Title VII and the ADEA are subject to a 300-day

statute of limitations—claims that accrued more than 300 days before the filing of a charge with

the EEOC are time-barred."  Almontaser v. N.Y.C. Dep't of Educ., 13-5621, 2014 U.S. Dist.

LEXIS 92760, at *13 (E.D.N.Y. July 8, 2014) (citations omitted); see also 29 U.S.C. §

626(d)(1)(B); 42 U.S.C. § 2000e-5(e)(1); Riddle v. Citigroup, 449 F. App'x 66, 69 (2d Cir.

2011); Tewksbury v. Ottaway Newspapers, 192 F.3d 322, 325-28 (2d Cir. 1999) (Applying the

same 300-day statute of limitations as Title VII); 42 U.S.C. 2000e-5(e)(1) (The ADA

incorporates Title VII's 300-day statute of limitations).  42 U.S.C § 12117(a) ("ADA").  A claim

begins to accrue at the time the plaintiff knew or had reason to know of a discrete act of

discrimination.  National R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109-10 (2002); Cetina

v. Longworth, 583 F. App'x. 1, 2 (2d Cir. 2014).

Here, Plaintiff allegedly filed her Charge of Discrimination with the EEOC on

February 12, 2016.[2] See Compl. at 3.  Accordingly, to the extent Plaintiff alleges discrete

discriminatory or retaliatory acts occurring prior to April 18, 2015, which is the majority of her

Complaint, her federal claims are time-barred.  See 29 U.S.C. § 626(d)(1)(B); 42 U.S.C. §

2000e-5(e)(1).

---

[2] Plaintiff did not submit a copy of her EEOC charge with the Complaint.

7

Furthermore, to the extent the Complaint is based upon events that transpired prior to December 20, 2013, Plaintiff's claims under the SHRL and CHRL are time-barred by the three-year statute of limitations applicable to such claims. See CPLR 214(2); Murphy v. American Home Prod. Corp., 58 N.Y.2d 293, 307 (1983) (three year statute of limitations for SHRL claims); N.Y.C. Admin. Code § 8-502(d); Bumpus v. N.Y. City Transit Auth., 66 A.D.3d 26, 37 (2d Dep't 2009) (three year statute of limitations for CHRL claims).

## POINT III
## THE COMPLAINT FAILS TO STATE A CLAIM.

To survive a motion to dismiss under FRCP 12(b)(6), a plaintiff must plead sufficient facts "to state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678 (citation omitted). Further, Courts "'are not bound to accept as true a legal conclusion couched as a factual allegation,'" and need not accept as true any conclusory allegations. Id. at 678, 681 (quoting and citing Twombly, 550 U.S. at 554-55). Thus, a plaintiff must plead facts sufficient to demonstrate "more than a sheer possibility that a defendant has acted unlawfully . . . [and] [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citation omitted). Indeed, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed. Id.; Twombly, 550 U.S. at 557, 570 ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed").

### A.    Plaintiff Does Not State a Claim of Discrimination

For an employment discrimination complaint, the "requirement to plead facts is assessed in light of the presumption that arises in the Plaintiff's favor under McDonnell Douglas in the first stage of the litigation." Littlejohn v. City of New York, 2015 U.S. App. LEXIS 13475, at *22 (2d Cir. 2015).  As such, absent direct evidence of discrimination, to survive a motion to dismiss, a complaint of discrimination "must be plausibly supported by facts alleged…that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Id at 25.  See also Ruiz v. County of Rockland, 609 F.3d 486, 491 (2d Cir. 2010) (claims of disparate treatment under Title VII are analyzed using the burden shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973)).

Plaintiff sets forth no timely facts that could support a claim of discriminatory animus and the Complaint is deficient on this ground alone. See Littlejohn, 2015 U.S. App. Lexis 13475 at *23-26 (finding that Iqbal's requirements apply to complaints of discriminations and that a Complaint of discrimination must contain facts that "give plausible support to a minimal inference of discriminatory motivation"); Fagan v. NYS OTDA, 2016 U.S. Dist. LEXIS 23938, at *8 (E.D.N.Y. Feb. 26 2016) ("[Plaintiff] fails to plead any facts that suggest his employer discriminated against him because of his race, color, religion, sex or national origin. The only instance in the Complaint in which [Plaintiff] even references a protected status is his assertion that his complaints were not properly addressed because of his gender. Such conclusory statements, without more, provide an insufficient basis for a Title VII claim").

Here, virtually all of the timely alleged actions referenced in the Complaint are purely conclusory – and therefore are not entitled to be treated as true under Twombly and Iqbal. See Iqbal, 556 U.S. at 678.  Plaintiff complains about receiving "bad employment evaluations,"

9

and she believes that her May 1, 2015 termination was due to her race, national origin, gender, age, disability, and retaliation. Id.

However, where an employee alleges their termination was based on race discrimination, the Plaintiff must plead sufficient timely facts that may suggest the Defendant fired Plaintiff on account of their protected characteristic. See Reid v. Time Warner Cable, 2016 U.S. Dist. LEXIS 21783 *14 (E.D.N.Y. Feb. 22, 2016). Here, Plaintiff's Complaint is bereft of any factual allegations that could support her claims of discrimination.

**B.     Plaintiff Has Not Stated a Claim of Retaliation.**

Plaintiff's claim that she suffered retaliation is entirely unsupported. To establish a prima facie case of retaliation, Plaintiff must show "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." McMenemy v. City of Rochester, 241 F. 3d 279, 282-83 (2d Cir. 2001). Such claims must be proved according to "traditional principles of but-for causation which requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful action or actions of the employer." Alejandro v. N.Y.C. Dep't of Educ., No. 15-3346, 2017 U.S. Dist. LEXIS 49555, at *73 (S.D.N.Y. Mar. 31, 2017) (quoting Univ. of Tex. Sw. Med. Ctr. v. Nassar, U.S., 133 S. Ct. 2517, 2533 (2013) (internal quotations omitted)).

Plaintiff alleges that four adverse employment actions—defendants' failure to provide her with two assistant directors after her promotion, publicly questioning her competence, giving her bad employment evaluations, and termination—stemmed from complaints submitted to the hospital's internal EEO office. See Compl. Ex. "A" at ¶¶ 9-13. However, Plaintiff fails to show that there was a causal connection between her protected activity and those subsequent actions. See Cifra v. Gen. Elec. Co., 252 F.3d 205, 217 (2d Cir.

10

2001) (quoting Reed v. A.W. Lawrence & Co., 95 F.3d 1170, 1178 (2d Cir. 1996) ("The causal connection needed for proof of a retaliation claim 'can be established indirectly by showing that the protected activity was closely followed in time by the adverse action.'")). Hawana v. City of N.Y., 230 F.Supp.2d 518, 530 (S.D.N.Y. 2002) (citing Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273 (2001)).

Plaintiff's first complaint to the internal EEO office was made in 2012 after an incident with her boss, Richard Frankel, in the fall of 2012. See Compl. Ex. "A" EEOC Charge at ¶¶ 7-8. Plaintiff's complaint lacks any temporal proximity to her termination, which occurred three years later in 2015. See Baez v. Visiting Nurse Serv. of N.Y. Family Care Serv., No. 10-6210, 2011 U.S. Dist. LEXIS 133930, at *17-18 (S.D.N.Y. Nov. 21, 2011) ("the yearlong gap between two events far exceeds the normal span of time from which causality may be inferred."). In addition, the decision to reduce the number of assistant directors was not made until June 2013, a year after she made her first complaint, and was allegedly orchestrated Mr. Kerr. See Compl. Ex. "A" EEOC Charge at ¶ 12. With regards to Plaintiff's negative evaluations, she states that her first negative evaluation occurred in September 2014, at least two years after her first internal complaint. See id. at ¶¶ 24-26. Furthermore, Plaintiff admits in her EEOC complaint that she received negative evaluations because she did not complete evaluations for her staff. See id. at ¶ 21.

Plaintiff made a second complaint after she was allegedly told to hire an under qualified white candidate over a more qualified black candidate in July or August of 2013. See id. at ¶¶ 17-19. Here, Plaintiff cannot show a causal connection between the reduction of assistant directors and her complaints because, as she states, Mr. Kerr made this decision in June 2013, before she made her second complaint. See id. 12, 17-19. "[W]here timing is the only basis

for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." Slattery v. Swiss Reinsurance Am. Corp., 248 F.3d 87, 95 (2d Cir. 2001); see, e.g., Phillips v. Mt. Sinai Med. Ctr., No. 01-5656, 2006 U.S. Dist. LEXIS 2606, at *4-7 (S.D.N.Y. Jan. 24, 2006) (granting summary judgment to employer on retaliation claim where termination occurred three months after the filing of an EEOC charge and numerous disciplinary actions predated the filing); see also e.g. Dixon v. Int'l Fed'n of Accts., No. 09-2839, 2010 U.S. Dist. LEXIS 35348, at *6 (S.D.N.Y. Apr. 9, 2010) (retaliation claim dismissed when plaintiff "was subjected to repeated critiques and complaints about her management and performance skills before she ever lodged any complaints about discrimination"). In addition, and as stated, Plaintiff did not receive her first negative evaluation until September 2014, and was not terminated until May 2015. See Compl. Ex. "A" EEOC Charge at ¶¶ 26, 28. Such gaps between the protected activity and adverse employment action are insufficient to establish a causal connection. See Baez, 2011 U.S. Dist. LEXIS 133930, at *17-18.

Finally, Plaintiff states that she lodged a third complaint with the hospital's internal EEO office after receiving negative evaluations, but does not specify the date of this action. See Compl. Ex. "A" EEOC Charge at ¶¶ 11-12, 26. Courts have dismissed claims where the plaintiff has failed to sufficiently establish causation. See Cowan v. City of Mount Vernon, No. 14-8871, 2017 U.S. Dist. LEXIS 45812, at *33-37 (S.D.N.Y. Mar. 28, 2017) (motion to dismiss granted for defendant where plaintiff failed to provide sufficient detail as to the timeline of events in order to sufficiently establish causation). Similarly, Plaintiff fails to state when the comments about her performance occurred or sufficiently allege their relation to her complaints. See Compl. Ex. "A" EEOC Charge at ¶¶ 22-25; see also Cowan, 2017 U.S. Dist. LEXIS 45812,

12

at *33-34.

Therefore, plaintiff fails to state a prima facie claim of retaliation.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant

Defendants' motion to dismiss the Complaint in its entirety with prejudice together with such

other and further relief as the Court deems just and proper.

Dated:  New York, New York
    September 11, 2017

           **ZACHARY W. CARTER**
           Corporation Counsel of the
            City of New York
           Attorney for Defendants
           100 Church Street, Room 2-109(b)
           New York, New York 10007
           (212) 356-8767
           ablair@law.nyc.gov

        By:   _____
           Amanda Blair
           Assistant Corporation Counsel

Yuval Rubinstein,
 Of Counsel.

14